CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX



LETTER TO COUNSEL

    RE:    *Devaney v. Commissioner, Social Security Administration*
               Civil No. 1:17-cv-00720-GLS

Dear Counsel:

Presently pending before this Court is Plaintiff Colleen M. Devaney's "Motion to Reconsider" the Court's Letter Order dated September 24, 2018, which granted the Motion for Summary Judgment filed by Defendant Social Security Administration ("the Commissioner"). Ms. Devaney asks the Court to reconsider its decision to grant the Commissioner's summary judgment motion, asserting that the ALJ failed to comply with the mandates set forth in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015).

I have also reviewed the Commissioner's response to Plaintiff's reconsideration motion. (ECF No. 24). No hearing is necessary. *See* L.R. 105.6. For the reasons set forth below, Ms. Devaney's motion for reconsideration is GRANTED.

## I.    BACKGROUND

On March 16, 2017, Ms. Devaney petitioned this Court to review the Commissioner's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). Ms. Devaney advanced four arguments on appeal: (1) that the ALJ's Residual Functional Capacity ("RFC") determination was erroneous; (2) that the ALJ did not appropriately evaluate the Plaintiff's credibility; (3) the ALJ relied on misapprehensions of the objective medical evidence; and (4) the ALJ failed to explain how Plaintiff's activities demonstrated that she could persist through an eight-hour workday. (ECF No. 17). In its summary judgment motion, the Commissioner countered that: (1) the ALJ's RFC finding was supported by substantial evidence and consistent with the applicable Fourth Circuit precedent; and (2) the ALJ properly evaluated Ms. Devaney's subjective complaints. (ECF No. 20).

After full briefing by the parties, this Court denied Ms. Devaney's summary judgment motion, granted the Commissioner's summary judgement motion, and affirmed the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 22). Subsequently, Ms. Devaney filed her Motion to Reconsider. (ECF No. 23).

## II.   ANALYSIS

Ms. Devaney asks the Court to reconsider its Letter Order granting the Commissioner's summary judgment motion. In her reconsideration motion, Ms. Devaney contends that this Court erred by not finding that remand was appropriate, because, contrary to the dictates of *Mascio*, the ALJ inadequately evaluated and failed to account for Plaintiff's moderate difficulties in concentration, persistence, or pace. (ECF No. 23 at 2). Urging against reconsideration, the Commissioner asserts that *Mascio* "did not set forth a per se rule" that "limiting Plaintiff to understanding, remembering and carrying out simple instructions can never accommodate 'moderate' difficulties in concentration, persistence, or pace." (ECF No. 24 at 1).

In *Mascio*, the ALJ found that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637–38. However, the ALJ's RFC assessment did not include a limitation to account for these difficulties, nor did the ALJ explain why no limitation was necessary. *Id.* In addition, the hypothetical question that the ALJ posed to the vocational expert was limited to a scenario where the claimant performed only simple, routine tasks or unskilled work. *Id.* The Fourth Circuit held that, under these circumstances, remand was appropriate. In reaching this conclusion, the Fourth Circuit distinguished between an individual's ability to perform simple tasks versus that individual's ability to stay on task; only "the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* The Fourth Circuit also held that there would have been no error if the ALJ had either: (a) explained why the claimant's moderate difficulties did not translate into a limitation of her RFC; or (b) included in claimant's RFC appropriate limitations that accounted for her moderate difficulties. *Id.*

In the instant case, although the ALJ found that Ms. Devaney had moderate limitations in concentration, persistence and pace (Tr. 25), the ALJ also found:

> The claimant stated that she had trouble with memory and completing tasks. However, in her examinations, the claimant displayed intact memory, could perform serial sevens and could spell. The claimant also had normal intelligence and normal speech. Finally, the claimant was able to understand and adequately answer the hearing questions.

(*Id.*). In addition, although the ALJ held that "as stated [previously], the claimant had concentration delays," the ALJ also found that "claimant's statements concerning the intensity, persistence, and limiting effects of [her] symptoms are not fully credible." (Tr. 30). Furthermore, the ALJ stated that he gave "little weight" to the state agency psychologists' opinions that claimant had moderate limitations in maintaining concentration, persistence and pace, because they "did not have available to consider all the evidence [that the ALJ had before him], including the claimant's testimony at two hearings." (Tr. 33).

>Regarding Ms. Devaney's RFC, the ALJ determined:
>
>that the claimant ha[d] the [RFC] to perform light work. . . except that the claimant can stand and walk for two hours in an eight-hour workday. She can sit six hours in an eight-hour day. The claimant can occasionally stoop, crouch, crawl, balance, kneel, squat, and climb stairs. She should avoid concentrated exposure to heat, cold, humidity, dust, fumes, gases, and vibrations. The claimant can understand, remember and carry out simple instructions.

(Tr. 26). In addition, the ALJ posited three different hypotheticals to the vocational expert (VE) who testified at the hearing. In asking the third hypothetical to the VE, it appears the ALJ was trying to craft a scenario that addressed the work that someone who was "off task" for some portion of the workday could perform. (Tr. 96). However, it is not entirely clear from the transcript whether and/or how the hypothetical related to Ms. Devaney's difficulties related to concentration, persistence, and pace.

Upon further consideration and review of the record, the Court agrees with Ms. Devaney that the ALJ's analysis and findings do not satisfy the Fourth Circuit's *Mascio* mandates. Although the ALJ stated that Ms. Devaney had "moderate difficulties" with regard to concentration, persistence, and pace, his analysis--that: (a) her memory was intact; (b) she could perform serial sevens and could spell; (c) she had normal intelligence and normal speech; and (d) she could understand and adequately answer the hearing questions-- could also suggest that he found her to have only mild or no difficulties. In addition, the ALJ's comments about the Plaintiff's credibility cause this Court to wonder whether the ALJ did truly find that Ms. Devaney had moderate difficulties in concentration, persistence, and pace. Moreover, while it is possible that the ALJ was trying to limit Plaintiff's RFC to account for her difficulties by using the phrase "she could understand, remember, and carry out simple instructions, the ALJ failed to explain how finding that she could do these things translated into a limitation that actually accounted for her moderate difficulties in concentration, persistence, and pace. Furthermore, without further clarification of the third hypothetical, it is hard to understand whether the ALJ's finding that "she could understand, remember, and carry out simple instructions," reflected his belief that Ms. Devaney could stay on task, and, if so, for how long, in light of her moderate difficulties.

On remand, the ALJ should consider the appropriate level of limitation regarding concentration, persistence, or pace and, if moderate limitations are again found, the ALJ should explain the reasons for his findings. In remanding for additional explanation, I express no opinion as to whether the ALJ's conclusion that Ms. Devaney is not entitled to benefits is correct.

### III.  CONCLUSION

For the reasons set forth herein, Ms. Devaney's Motion to Reconsider, (ECF No. 23), is GRANTED. The Commissioner's judgment is REVERSED, and the case is REMANDED for the ALJ to provide further analysis and explanation consistent with *Mascio*.

*Devaney v. Berryhill,* Civil No. GLS-17-720
December 19, 2018
Page 4

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

_____/s/_____
Gina L. Simms
United States Magistrate Judge